IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUN 14 P 2: 36

| | |
|---|---|
| RACHEL CUMBIE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) CV- 3:05CV 569-W |
| | ) |
| RUBY TUESDAY, INC | ) |
| BOBBY VAUGHN | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

I.  **JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, 1343(3), 1343(4), 2201 and 2202. This is a suit pursuant to federal statute and the tort laws of the State of Alabama. It is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and pursuant to the laws of the State of Alabama. The jurisdiction of this Court is invoked to secure protection for and redress deprivation of right secured by Title VII, providing for equitable and legal relief against sexual harassment and sex discrimination. Through the doctrine of supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, this Court's jurisdiction extends over the related state law claims for invasion of privacy, assault and battery, negligent supervision and/or retention, and outrage because the claims arise from a common nucleus of operative facts.

2.  Plaintiff filed charge with the EEOC, and have received her right to sue and have filed this

complaint within 90 days of receipt thereof.

II. PARTIES

3. Plaintiff Rachel Cumbie is a female citizen of the United States and a residents of the State of Alabama. The plaintiff was employed by the defendant at the Auburn, Alabama facility.

4. Defendant, Ruby Tuesday Inc. are employers as defined by Title VII at all times relevant hereto. Defendant Ruby Tuesday employed at least fifteen persons and did business in this judicial district and division at all times during the alleged events in this complaint. This defendant did business in Alabama and is thus subject to jurisdiction for all state law claims.

5. Defendant Bobby Vaughn, is a citizen of the United States and a resident of the State of Alabama. At all times relevant hereto, he was employed by defendant at its Auburn location store. He is a named defendant only as to the plaintiff's state law tort claims.

III. ALLEGATIONS OF FACTS

6. The plaintiff re-allege and incorporate by reference paragraphs 1-5 above with the same force and effect as it fully set out in specific detail here-in-below.

7. The plaintiff was hired in at the restaurant in Bay Minette, Al around July, 2001. Plaintiff worked in that restaurant for six months as a server. Plaintiff requested a transfer to the Auburn, AL location to attended college.

8. Plaintiff began her employment at the Auburn location as a hostess because she was not old enough to serve alcohol. As soon as plaintiff turned 21, in July 2002, she became a server.

9. From the time that the plaintiff started in Auburn there was a sexually charged atmosphere inasmuch as there was a great deal of butt slapping on the females by the male employees. At first, the manager was Terry Abbott a female and the harassment was not as bad. Once Ms.

Abbott left Bobby Vaughn became the manager; he came from a different location and the harassment became increasingly more severe.

10. The guys started slapping the females harder and harder. Mr. Vaughn saw it all the time, and laughed, like it was a sport to see who could hit the females harder. Plaintiff has left the restaurant with handprint shaped bruises on her behind.

11. Several months later a gay guy named Zach Taylor was hired. Mr. Taylor used his sexual orientation as an excuse to really harass plaintiff.. Mr. Taylor slapped plaintiff all the time in front on management. Plaintiff repeatedly told him to stop, but he refused. Mr. Taylor even began to openly fondle plaintiff's breasts in front of management. These actions were demeaning and humiliating to the plaintiff and ultimately physically damaging.

12. Plaintiff complained to several of the managers to please help her, and she was told to take care of it herself, that she was a big girl.

IV.  CAUSE OF ACTION

CLAIM I– TITLE VII

13. Paragraphs 1-12 are hereby re-alleged and incorporated herein.

14. Defendant unlawfully discriminated against the plaintiff by condoning and allowing the plaintiff to be subjected to a sexually hostile environment by not taking appropriate action each of the times that plaintiff complained about the harassment. In fact, plaintiff was retaliated against by having her overtime hours that she had already worked cut so that management could get a bonus. The plaintiff called the 800 number to complain, and Bobby Vaughn cussed plaintiff out using (fuck) repeatedly, plaintiff finally hang up on him. After plaintiff complaints they manufactured a reason to terminate her on or about May 15, 2004.

15. The actions of the defendants created a hostile environment for the plaintiffs which was continuous in nature from the time of their employment. The harassment culminated in them cutting her overtime hours. The sexual harassment was a continuing violation pursuant to Title VII. The plaintiffs were further subjected to quid pro quo harassment.

16. The actions of the defendant were willful and taken with reckless disregard for the plaintiff federally protected rights.

17. The plaintiff had no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive, declaratory and other relief is her only means adequate redress. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## CLAIMS – INVASION OF PRIVACY

18. Paragraphs 1-17 are hereby re-alleged and incorporated herein.

19. This claim is brought against all defendants.

20. The action of defendants, which were condoned, known, or should have been known by the defendants constituted a wrongful intrusion into Plaintiff private activities. The intrusion was of such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

21. Ruby Tuesday, Inc. are liable for the acts of its agents, other employees which were taken within the scope of their employment. Said conduct was authorized, ratified and/or condoned by defendants.

## CLAIM III - ASSAULT AND BATTERY

22. Paragraphs 1-21 are hereby re-alleged and incorporated herein.

23. This claim is brought against all defendants.

24. The actions of defendant, which were condoned, known, or should have been known by the defendants constituted an assault and battery on the plaintiff.

25. Ruby Tuesday, Inc. are liable for the act of its employees, which were taken within the scope of their employment. Said conduct was authorized, ratified and/or condoned by defendant.

## CLAIM IV- TORT OF OUTRAGE

26. Paragraphs 1-25 are hereby re-alleged and incorporated herein.

27. This claim is brought against all defendant.

28. The actions of the defendant, were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society causing emotional distress so severe that no reasonable person could be expected to endure it.

29. Ruby Tuesday Inc. are liable for the acts of its employees, which were taken within the scope of their employment. Defendant are further liable because of it employee's conduct was authorized, ratified and/or condoned by them.

## CLAIM V- NEGLIGENT SUPERVISION

30. Paragraphs 1 through 29 are re-alleged as if fully set out herein.

31. The Defendant through its agents had a duty to supervise its employees and to provide a safe, non-hostile environment for plaintiff to work.

32. As a proximate result of Defendants' negligence, willfulness and wantonness, the plaintiff have been caused to suffer damages.

PRAYER FOR RELIEF

    WHEREFORE, the plaintiffs respectfully prays that this Court will assume jurisdiction of this action and after trial:

1. Grant plaintiff a declaratory judgment holding that the actions of defendant Ruby Tuesday, Inc., violated the rights of the plaintiff as guaranteed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agent, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII.

3. Enter an Order requiring the defendants to make the plaintiff whole by awarding her back-pay, nominal damages and/or compensatory and punitive damages for the violation of Title VII.

4. The plaintiff prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorney's fees and expenses.

5. Plaintiff prays for compensatory and punitive damages for the violation of state law claims against all defendants.

    Respectfully submitted

/s/ H. Wallace Blizzard
C. Michael Quinn
H. Wallace Blizzard
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Sherrie V. McKenzie
Attorney at Law
25 West Claiborne Street
Monroeville, AL 36460
(251) 575-4781

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Of Counsel

Defendant's Address:

Ruby Tuesday, Inc.
150 W. Church Ave
Maryville, TN 37801

Bobby Vaughn
c/o Ruby Tuesday, Inc.
1627-31 Opelika Road
Auburn, AL 36830