IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RACHEL CUMBIE,      )<br>            Plaintiff      )<br>                         )<br>v.                         )      CIVIL ACTION NO. 3:05CV569-W<br>                         )<br>RUBY TUESDAY, INC.      )<br>BOBBY VAUGHN,      )<br>            Defendants      ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, Ruby Tuesday, Inc. and Bobby Vaughn, and submit this Answer and Affirmative Defenses to Plaintiff's Complaint in this matter.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's allegations may be barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's right to recovery is limited by the after acquired evidence doctrine, if applicable.

## FOURTH AFFIRMATIVE DEFENSE

Defendants deny any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages. In the alternative, if liability is established, Defendants are entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings

Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law. Defendants are also entitled to any other additional offsets permissible under all applicable laws.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to reasonably mitigate her alleged damages as required by law.

### SIXTH AFFIRMATIVE DEFENSE

If liability is established, Plaintiff has failed to state a claim for which punitive or liquidated damages are available.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory, punitive, and liquidated damages are subject to all applicable limitations and caps on the recovery of such damages.

### EIGHTH AFFIRMATIVE DEFENSE

All claims based on alleged harassment or discrimination not made the subject of a charge timely filed against Ruby Tuesday, Inc. with the appropriate federal and/or state agency are time barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under applicable law.

### TENTH AFFIRMATIVE DEFENSE

If the alleged employment decisions are found to have been based upon Plaintiff's sex or sex is found to have been a factor in such decisions, which is expressly denied, Defendants aver that the same decisions would have been made on the basis of legitimate, nondiscriminatory reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all pertinent times, Ruby Tuesday, Inc. had in effect policies and procedures regarding the prohibition, reporting, and remediation of all types of harassment and discrimination, whether on the basis of gender, or otherwise. Plaintiff was aware of these policies and procedures. At all pertinent times, Ruby Tuesday, Inc. exercised reasonable care to prevent and promptly correct any harassment and/or discrimination and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Ruby Tuesday, Inc. or to otherwise avoid harm. To the extent Plaintiff alleges she availed herself of Ruby Tuesday, Inc.'s reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent any of the claims asserted by Plaintiff are based upon actions taken more than 180 days before the filing of Plaintiff's EEOC charge, such claims are time barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

In the alternative, if all of the allegations of the Complaint are not subject to dismissal for the reasons set forth in the above and foregoing defenses, Defendants allege that some of the allegations of the Complaint are not like, or related to, Plaintiff's charge of discrimination filed with the EEOC, nor were they investigated or could reasonably have been investigated by the EEOC as a result of the charge, and such allegations should be ordered stricken from the Complaint and/or Defendants should be awarded judgment of dismissal as to such allegations.

**FORTEENTH FIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by workers' compensation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Federal Rule of Civil Procedure 8(c), when and if, in the course of its investigation, discovery, or preparation for trial, such defenses become known or available or it becomes otherwise appropriate to assert such defenses.

**AND NOW**, further answering, Defendants respond as follows to the individually numbered paragraphs of the Complaint:

1. Defendants admit that this court has jurisdiction over the instant suit and that it purports to be based on Title VII of the Civil Rights Act of 1964, as well as Alabama state law, but deny any liability arising from these allegations. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants reallege their answers to paragraphs 1 through 5 contained herein.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Terry Abbott and Bobby Vaughn were both managers at the Auburn location but deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Zach Taylor was an employee at relevant times but deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants reallege their answers to paragraphs 1 through 12 contained herein.

14. Defendants admit Plaintiff was terminated but deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants reallege their answers to paragraphs 1 through 17 contained herein.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants reallege their answers to paragraphs 1 through 21 contained herein.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants reallege their answers to paragraphs 1 through 25 contained herein.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants reallege their answers to paragraphs 1 through 29 contained herein.

31. Ruby Tuesday, Inc. admits it supervised its employees and provided a safe, non-hostile work environment.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**WHEREFORE**, Defendants, Ruby Tuesday, Inc. and Bobby Vaughn, are not called upon to affirm or deny Plaintiff's prayer for relief but affirmatively state there are no grounds in fact or law that warrant the granting of Plaintiff's prayer for relief, that her prayer for relief is neither appropriate nor justified, and that Plaintiff is not entitled to any of the relief requested or to any other relief.

**WHEREFORE**, Defendants, Ruby Tuesday, Inc. and Bobby Vaughn, pray that this, their Answer and Defenses to the Plaintiff's Complaint, be deemed good and sufficient, and that after due proceedings there be judgment in their favor and against Plaintiff, thereby dismissing the Complaint with prejudice, at Plaintiff's cost, and for such other and further relief as justice and law may require.

Respectfully submitted,

**/s/ Cornelius R. Heusel**
CORNELIUS R. HEUSEL (La. 06849)
JENNIFER A. FAROLDI (La. 25668)
**JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE L.L.P.**
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone: 504-582-8000
Facsimile: 504-582-8015

*Attorneys for Defendants,
Ruby Tuesday, Inc.*

{N1325828.1}                                     6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2005, I electronically filed the foregoing Answer and Defenses with the Clerk of the Court, to be served by operation of the Court's electronic notification system upon the following:

C. Michael Quinn
H. Wallace Blizzard
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
301 19th Street North
Birmingham, Alabama 35203

Sherrie V. McKenzie
Attorney at Law
25 West Claiborne Street
Monroeville, Alabama 36460

/s/ Cornelius R. Heusel