IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| RACHEL CUMBIE, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05CV569-W |
| ) | |
| RUBY TUESDAY, INC. ) | |
| BOBBY VAUGHN, ) | |
|     Defendants ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT**:

**I.   INTRODUCTION**

Defendants, Ruby Tuesday, Inc. (Ruby Tuesday) and Bobby Vaughn filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. Prior to the filing of Defendants' Motion for Summary Judgment, Plaintiff agreed to voluntarily dismiss Bobby Vaughn as a defendant to this litigation. Thus, the only remaining defendant is Ruby Tuesday. Ruby Tuesday files this Reply Memorandum in order to point out inaccuracies in Plaintiff's allegations and the insufficiency of Plaintiff's evidence. Plaintiff fails to establish Ruby Tuesday violated any laws with regard to Plaintiff. Instead, Plaintiff is clearly trying to profit from behavior that she not only took part in, but initiated and <u>continued</u> after her own complaint.

**II.   SUMMARY JUDGMENT IS WARRANTED ON ALL OF PLAINTIFF'S CLAIMS**

    **A.   Plaintiff's sexual harassment claim fails as a matter of law.**

As discussed more fully in Ruby Tuesday's Motion for Summary Judgment, Plaintiff fails to establish that the complained of conduct by Mr. Taylor was unwelcome, because of her

sex and sufficiently severe and pervasive. In her Opposition brief, obviously realizing that Plaintiff's frequent participation in the conduct she complained of is fatal to her claim, Plaintiff disingenuously claims that women, including Plaintiff, slapped the rear ends of co-workers only as a defense mechanism and only after men did the same thing. See Opposition pp. 9, 13. There is absolutely no support in the record for this self-serving allegation, even in Plaintiff's own deposition testimony. Instead, Plaintiff's deposition is replete with examples of Plaintiff's voluntary participation in the same conduct that she claims constitutes sexual harassment:

> Q: In – in talking to people it's – there's been indications that it was not uncommon for employees to slap, pat, whatever you want to call it, each other on the but (sic). Is that a fair statement?
>
> A: Yes, that is fair. It was not uncommon for that to happen. Basically **everybody would do it to everybody**. In a sense they would come up and just try to hit each other as hard as they could to see who would, you know, could hit each other the hardest. And it started happening to, you know, girls and everything.
>
> Q: Did you ever do it to anyone?
>
> A: **Yes. I did it to Kyle and James and Enis. I know I did it to Will. I might have done it to Zach.** But if they ever told me to stop, I always told – I never did it again.

Pl. Depo. p. 75 (emphasis added). Further, Plaintiff admits that even **after** she complained about Mr. Taylor, she continued to engage in the **same activity**, including slapping her "friends" on the rear end. Pl. Depo. pp. 80-81. Plaintiff explained that hitting each other on the rear was "a thing that we just did," and unless someone told her to stop, **"[she] didn't."** Pl. Depo. p. 82. Plaintiff's testimony does not lend itself to the stretch made in Plaintiff's Opposition brief that Plaintiff only engaged in the slapping as a "defense mechanism." Additionally, Plaintiff's testimony belies that the conduct complained of by Plaintiff was not unwelcome sexual harassment, but consensual horseplay. Plaintiff offers no evidence, beside her own self-serving

testimony that anything unwelcome occurred during her employment with Ruby Tuesday. Instead all the evidence points to a pattern of ongoing and tolerated behavior participated in and often initiated by Plaintiff.

Further, even accepting as true Plaintiff's allegation that Mr. Taylor grabbed Plaintiff's breasts, this alleged conduct does not amount to actionable severe and pervasive sexual harassment pursuant to the case law analyzed in Ruby Tuesday's Motion for Summary Judgment. "Title VII is not a federal 'civility code,'" and only when the workplace is "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the [employee's] employment and create an abusive working environment," is the law violated. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). The record is devoid of any evidence that Mr. Taylor's behavior unreasonably interfered with Plaintiff's job performance. Additionally, the alleged conduct fails to meet the objectively severe and pervasive test. *See, e.g. Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999), *cert. denied*, 529 U.S. 1068 (2000); *Evans v. Mobile Infirmary Medical Center*, 2005 WL 1840235 (S.D. Ala. 8/2/2005); *Mitchell v. Pope*, 2006 WL 1976011 (11th Cir. 7/14/06).

Finally, Plaintiff attempts to paint a picture of Ruby Tuesday ignoring unwelcome sexual harassment. That is simply not the case. Plaintiff claims that Mr. Vaughn previously had seen Mr. Taylor's alleged harassment of Plaintiff and had done nothing. Though Mr. Vaughn denies watching and laughing as Plaintiff claims, even if Mr. Vaughn witnessed what appeared to be <u>consensual</u> horseplay in the workplace does not mean that Ruby Tuesday ignored sexual harassment. It is undisputed that when Plaintiff <u>finally</u> made a verbal complaint to Mr. Vaughn, he told her he would take care of the situation and did. Vaughn Depo. p. 33. Mr. Vaughn met

with Mr. Taylor the next time he saw him and told him to stop his behavior and that he was making people feel uncomfortable.  Vaughn Depo. p. 34.  Mr. Vaughn told Plaintiff that he had talked with Mr. Taylor and if there were any other occurrences to please let him know.  Vaughn Depo. p. 34.  Thus, as soon as Mr. Vaughn had knowledge that Plaintiff was bothered by Mr. Taylor's alleged conduct, he put a stop to it.

> **B.  Plaintiff cannot establish that Ruby Tuesday's reason for terminating her is pretextual.**

In order to avoid summary judgment, Plaintiff must have responded to Ruby Tuesday's Motion for Summary Judgment with <u>evidence</u>, which would allow a reasonable jury to conclude that the reasons given by Ruby Tuesday were not the real reasons for the adverse employment decision. *See Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997), cert. denied, 522 U.S. 1045 (1998).  To establish pretext, Plaintiff must offer evidence (1) that Ruby Tuesday's proffered reason has no basis in fact, (2) that the proffered reason did not actually motivate the employment decision, or (3) that the alleged reason was insufficient to motivate the employment decision.  *Sears v. PHP of Alabama, Inc.*, 2006 WL 932044 (M.D. Ala. 4/10/06).

Here, Ruby Tuesday terminated Plaintiff for a legitimate, non-discriminatory reason, her violation of Ruby Tuesday's rule against drinking alcohol at work.  Plaintiff admitted to drinking at work not once, but twice.  Pl. Depo. pp. 60-65.  Plaintiff admitted that drinking at work violated company rules, that it was <u>not tolerated</u>, and that she should not have done it.  Pl. Depo. pp. 62, 68 (emphasis added).  Thus, Plaintiff knew that violating that policy, even once, could lead to her termination.  Under these circumstances, Plaintiff cannot establish that her admitted drinking on the job on <u>two</u> occasions was insufficient to motivate Ruby Tuesday to terminate her employment.

Accepting Plaintiff's allegation that she told Mr. Vaughn that other employees were drinking as true, Plaintiff's infraction can be distinguished from the other employees in that Plaintiff was the bartender entrusted with maintaining the bar. If the other employees were drinking, they were drinking on her watch. Further, there is absolutely no evidence in the record that the other employees had been drinking on two occasions, like Plaintiff. Furthermore, Plaintiff cannot prove pretext because she has offered no evidence to establish that her termination had anything to do with her complaint against Mr. Taylor.

Finally, Plaintiff's argument that Ruby Tuesday only fired women is ridiculous. Plaintiff points to Ruby Tuesday's employee list and claims that only two employees were terminated for violating company rules and that both employees are female. Plaintiff's Opposition p. 22. Plaintiff conveniently ignores that the employee list reveals that <u>fourteen</u> male employees were terminated for "no call/no show," which is a violation of Ruby Tuesday's attendance policy.

## III.   CONCLUSION

Plaintiff's Opposition contains unsubstantiated allegations that Plaintiff was sexually harassed and then fired in retaliation for her complaint. Plaintiff seeks to have this Court ignore all of Plaintiff's bad behavior, but asks it to determine that sexual harassment occurred when someone engaged in the <u>same conduct she did</u>. Further, Plaintiff cannot sweep under the rug the real reason for her termination – admitted drinking on the job. For the reasons articulated in the Motion for Summary Judgment, Ruby Tuesday is not liable for the alleged intentional torts by Mr. Taylor or for the alleged negligent retention and supervision claim. Therefore, Ruby Tuesday respectfully requests this Court to grant summary judgment in its favor and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**/s/ Cornelius R. Heusel**
CORNELIUS R. HEUSEL (La. 06849)
JENNIFER A. FAROLDI (La. 25668)
**JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE L.L.P.**
201 St. Charles Avenue
New Orleans, LA 70170-5100
Telephone:  504-582-8000
Facsimile:  504-582-8015

*Attorneys for Defendant,
Ruby Tuesday, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following as follows:

C. Michael Quinn
H. Wallace Blizzard
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
301 19th Street North
Birmingham, Alabama 35203

Sherrie V. McKenzie
Attorney at Law
25 West Claiborne Street
Monroeville, Alabama 36460

**/s/ Cornelius R. Heusel**